## BLAKE v. THE CITY OF DUBUQUE.

1. APPROPRIATION OF PROPERTY FOR STREETS: CONDITION PRECEDENT. Under § 3, chapter 54, Laws of 1853 (An act to amend an act to incorporate the city of Dubuque) and chapter 17, Laws of 1855, a tender of a deed conveying the property appropriated for a street was not a condition precedent to the right of the owner to recover damages. Neither is it essential to show that the city council has, by resolution, declared the street to be opened. It is sufficient to show the confirmation by the council of the action of the jury selected to estimate the damages, in any manner, such confirmation being of record.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 10.

PLAINTIFF seeks to recover the value of certain real estate, appropriated by the city for the purpose of extending a street. The errors assigned relate to certain instructions given and refused, for which, see the opinion.

*John H. O'Niell* and *John L. Harvey*, for the appellant.

I. The plaintiff could not recover without tendering a deed of the land alleged to have been taken. The ordinance, § 4, provides that the city shall have deeds of the property taken. Independently of the statute or ordinance, the common law makes the tender of a proper conveyance the condition precedent to the recovery of the purchase

money. *Benedict* v. *Weston*, Morris, 490; *School District No. 2* v. *Rogers*, 8 Iowa, 316; *Parker* v. *Parmalee*, 20 John. 130.

II. The city council never laid out or established the street by any order or resolution; the property, therefore, was never appropriated; and plaintiff had no cause of action. Laws of the Sixth General Assembly, p. 353.

*J. M. Griffith* and *W. J. Knight*, for the appellee. 1. There was no issue in the pleadings upon the question of tender, and plaintiff, therefore, was not required to prove such tender. *Frentress* v. *Mobley*, 10 Iowa, 450. 2. The charter and ordinances require the execution of a deed only upon "the *payment* of damages." Laws Fourth General Assembly, p. 90, sec. 3. 3. It was competent for the city in any other manner than by resolution, in accordance with the ordinance, to ratify the assessment and appropriate the property.

WRIGHT, J. — The appropriation relied upon by plaintiff, took place in October, 1857. At that time, ch. 210, Laws of 1856–7, p. 343, was not in force, and with its provisions, therefore, we have nothing to do in the consideration of the questions here involved.

If there was an appropriation of the plaintiff's property, within the meaning of the law and the city ordinances, and if he has performed all the conditions precedent, (if any,) required of him, it is admitted that he is entitled to recover,

And first, as to the condition precedent, we are of the opinion that the court did not err in holding that plaintiff could recover without a prior tender of a deed. No such issue or question was made by the pleadings, nor anything indicating that defendant relied upon such a defense. Waiving this, however, we hold that under sec. 3, ch. 54, Laws 1853, ("An act to amend an act to incorporate the city of Dubuque,") and ch. 17, Laws 1855, ("An act to amend an act to incorporate," &c.,) a tender of the deed

before the payment of the damages assessed, was not necessary. Plaintiff's property is taken for public use, and for it he is entitled to a just compensation. When the steps are taken by the city necessary to complete the appropriation, the right to use and control the property is perfect. If he does not appeal from the assessment, he has no election, but must surrender his property and take the damages. These damages the city should offer to pay him before entering upon the land, to use it as a street. Or, if not this, should at least have the same in the treasury set apart for his use, to be delivered upon the making of a deed. If this is not done, and the city enters upon the property and appropriates it in accordance with the purpose of the condemnation, plaintiff may compel the payment of his damages without a tender of a deed.

Whether there was an appropriation of plaintiff's land for the purpose of a street, as claimed by him, was left as a question of fact, to the jury. Upon this subject, defendant asked this instruction: "The plaintiff cannot recover without showing that the city council did, by resolution, declare the street to be opened in acccordance with the ordinance." The fourth section of the ordinance referred to, provides, that, if, upon examination of the report of the engineer and assessment, the city council shall decide that it is expedient to lay out, open, or extend the street, they shall proceed to pay the damages, and procure deeds of relinquishment. And then, after providing for the absence of the owner, or his inability to make a deed, it is ordained that they "shall thereupon proceed and by resolution declare such street to be opened, laid out or extended, as the case may be, and a record of the plat, and a description thereof to be recorded," &c. Now, in the first place, we understand the resolution of the council in reference to declaring the street opened, &c., to refer to a time subsequent to the payment of the assessment. And

if there was an appropriation in fact, of plaintiff's property to the use contemplated, his right to recover the assessment was not dependent upon the passage of a resolution declaring such street open. If the plaintiff assented to the assessment, then the confirmation, by the council, of the action of the engineer and jury selected to estimate the damages, may be shown in any manner which shall be sufficient to express their intent,—such confirmation, of course, being of record.

In this case, plaintiff's assent is shown affirmatively, from the testimony as well as by the institution of this suit; and the failure, by the city, to pass a' "resolution declaring the street opened, in accordance with the ordinance," could not defeat his recovery.

Affirmed.